# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LEROY LAMONT LEWIS**                                                                         **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 3:16cv534-TSL-RHW**

**BILLY SOLLIE,** *et al*.                                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION

Alleging violation of his constitutional rights during his incarceration at Lauderdale County Detention Facility in Meridian, MS, Leroy Lamont Lewis filed this lawsuit July 5, 2016 pursuant to 42 U.S.C. § 1983. The Court granted Lewis leave to proceed *in forma pauperis* September 12, 2016 [7], and ordered notices of the lawsuit and requests to waive service of summons issued to Defendants Deputy Wiggins, Sheriff Billy Sollie and Cedric Blanks on October 24, 2016. [14] Sheriff Sollie waived service on November 8, 2016. [16] Counsel for the Sheriff notified the Court that Wiggins and Blanks are former employees of Lauderdale County for whom he is unauthorized to accept or waive process, and provided the Court the last known addresses of Wiggins and Blanks under seal. [20] The Court promptly ordered that summonses be issued to Wiggins and Blanks for service by the U.S. Marshal Service (USMS). [22] Wiggins was served, and on February 23, 2017 filed his answer to the complaint [26], however the process for Blanks was returned unexecuted on February 22, 2017 after three unsuccessful attempts by the USMS to serve him.

The undersigned conducted a *Spears*/omnibus hearing in the case on March 21, 2017, at which Plaintiff and Defendants Sollie and Wiggins consented to the exercise of jurisdiction by the U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73. During the hearing, the Court noted that Blanks was still unserved, despite the Court's efforts to accomplish service of process, and ordered Plaintiff to either provide a current address for Blanks or have

Blanks served by a private process server by April 20, 2017. The order expressly warned Lewis that his failure to comply would result in Blanks being dismissed from the lawsuit without prejudice. See, Minute Entry of March 21, 2017 and Order [29] entered March 22, 2017. Lewis has not complied with the order. The only response he has filed is a one-paragraph document in which he provides the name and telephone number of Blanks' mother. [30]

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that Cedric Blanks be dismissed without prejudice from this lawsuit so that the case may proceed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 21st day of April, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE